AO 241 (Rev. 09/17)

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2026 JAN -5 PM 12: 08

OFFICE OF THE CLERK

| United States District Court | District: of Nebraska | |
|---|---|---|
| Name (under which you were convicted): CORDELL STEWART #64225 | | Docket or Case No.: 8:26 CV 3 |
| Place of Confinement: Nebraska State Penitentiary | Prisoner No.: 64225 | |
| Petitioner (include the name under which you were convicted) Cordell Stewart v. | Respondent (authorized person having custody of petitioner) Rob Jeffreys | |
| The Attorney General of the State of: Mike Hilgers | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Douglas County District Court

    (b) Criminal docket or case number (if you know):   CR10-9052737

2.  (a) Date of the judgment of conviction (if you know):   May 26, 2006

    (b) Date of sentencing:   May 26, 2006

3.  Length of sentence:   30 to 40 years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   Assault in the second degree, use of a deadly weapon to commit a felony, and felon in possession of a firearm

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty          ☐ (4)   Insanity plea

FILED
U.S. DISTRICT COURT
CLERK
JAN 5 2026

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Nebraska Court of appeals

(b) Docket or case number (if you know):   A-06-657

(c) Result:   Affirmed

(d) Date of result (if you know):   May 9, 2007

(e) Citation to the case (if you know): _____

(f) Grounds raised:   1) Court erred by overruling and denying appellant's objection and challenge to the jury selection; 2) The Court erred by denying the appellant's motion for new trial; 3) The Court erred by denying the appellant's objection to evidence offered by the state during the Habitual Criminal enhancement hearing; 4) The Court erred by failing to sustain the appellant's motion to dismiss made at the close of the state's case in chief; 5) The sentence imposed by the Douglas County District Court was excessive and an abuse of discretion

_____

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Nebraska Supreme Court

(2) Docket or case number (if you know): _____

(3) Result:   Denied

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): September 26, 2007

(5) Citation to the case (if you know):

(6) Grounds raised: Same as Above

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Douglas County District Court

(2) Docket or case number (if you know): CR10-9052737

(3) Date of filing (if you know): March 5, 2012

(4) Nature of the proceeding: Postconviction Relief Act

(5) Grounds raised: Prosecutorial Misconduct and conflict of interest by which the Defendant was denied a fair trial; Ineffective Assistance of counse by failing to raise and preserve the issue of prosecutorial misconduct and conflict of interest; Trial Counsel failed to call witnesses to testify on behalf of the Defendant even after being directed to do so by the defendant; Trial Counsel failed to properly raise and preserve for appeal the Defendant's right to a new trial because of newly discovered evidence subsequent to the trial.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes   ☐ No

(7) Result: Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know): April 8, 2024

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☒  Yes     ☐  No

(2) Second petition:    ☐  Yes     ☐  No

(3) Third petition:     ☐  Yes     ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:    The Douglas County Court clearly erred when it overruled and denied the petitioner objection to the jury selection. The equal protection clause of the 14th Amendment to the U.S constitution and the Constitution of the state of Nebraska prohibits discrimination in jury selections.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During the voire dire jury selection there were twenty seven prospective jurors called in the District Court. From all these individuals there was only one African American and no Hispanic, American Indian or other similarly situated minorities included. During the selection of jurors the State premptorily struck the sole African American leaving no member of minority on the jury.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)      **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes        ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _____

Name and location of the court where the motion or petition was filed:  _____

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?              ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  _____

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):  _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

_____

_____

**GROUND TWO:**    The Trial Court clearly erred as a matter of law and committed reversible error when it denied apellant's motion for new trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): After the trial the appellant filed a motion for new trial based upon the above mentioned jury selection proceedings and newly discovered evidence and prosecutorial mis-conduct. Stewart sought a continuance to locate a critical witness was resided outside of Douglas County, and who would have corroborated and strengthen his actual innocence defense. And the prosecution committed misconduct when it's deputy attorney McKenny, a prosecutor who had previously represented the appellant, knew or should have knownhe disqualified from prosecuting Stewart but did not say anything until after the trial and the use of confidential information to obtain a conviction.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

_____

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did **not** raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Postconviction Relief Act

Name and location of the court where the motion or petition was filed:    Douglas County District Court

_____

Docket or case number (if you know):    CR10-9052737

·AO 241 (Rev. 09/17)

Date of the court's decision:    April 8, 2024

Result (attach a copy of the court's opinion or order, if available):    Denied

(3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Nebraska Court of Appeals

Docket or case number (if you know):    A-24-288

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**    The trial court erred as a matter of law by failing to sustain the appellant's objection to evidence offered at the habitual criminal enhancement hearing, in violation of the 14th Amendment.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Subsequent to the trial the Douglas County Court conducted a hearing to determine if the Appellant was an habitual criminal, the state introduced 2 prior felony conviction's as to which Stewart objected. One of these convictios involved said prosecutor McKenny, who had used this conviction in arguments to the jury, creating a conflict of interest. McKenny never disclosed his representation of Stewart, this being a fact should have nullified it's use.

•AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Three:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes   ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   **Postconviction Relief Act**

Name and location of the court where the motion or petition was filed:   Douglas County District Court

Docket or case number (if you know):   CR10-9052737

Date of the court's decision:   April 8, 2024

Result (attach a copy of the court's opinion or order, if available):   Denied

_____

      (3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

      (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Nebraska Court of Appeals

Docket or case number (if you know):   A-24-288

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):   Affirmed

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   The trial court erred as a matter of law by failing to sustain the appellant's motion to dismiss made at the close of the state's case.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):  The evidence presented at trial was so lacking in probative value that a finding of guilt cannot be based on it. Immediately after the state rested Stewart moved for a directed verdict, because of all the inconsistencies and the fact that a witness testified that she actually did the crime. There was no physical evidence, fingerprints, gunshot residue, and the state's witnesses was so extremely doubtful in character their testimony lacked probative value.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

·AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?            ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND **FIVE:** Stewart was deprived of the effective assistance of counsel at all critical stages of the proceedings, inviolation of the 6th and 14th Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Over the course of the proceedings counsel misrepresented critical facts to the District Court and Appellate Court's, and failed to perfect his duties in multiple ways, which includes: Prosecutorial Misconduct and the conflict of interest; 2) Failed to preserve and raise the issue of prosecutorial misconduct; 3) failed to call witnesses to testify on behalf of petitioner; 4) Failed to properly raise and preserve for appeal the defendant's right to a new trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)    Direct Appeal of Ground FIVE:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☒ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): **CR10 - 9052737** _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
      have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

GROUND SIX :   Petitioner was deprived of due process of law and equal protection due to his actual innocence of the offenses for which he stands convicted, multiple substantial constitutional violations ocurred through-out the proceedings.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): A review of the record, especially the testimony of Chrishawn Conway, in addition the misrepresentation's of trial counsel and the prosecutorial misconduct, conclusively establishes Petitioner's actual innocence sufficiently to overcome any claimed or perceived procedural defaults associated with any of the foregoing Grounds for Relief and facilitate merit review.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)    **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☒ Yes        ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    Ernest Addison Jr. #19765 - 6842 Pacific St., Omaha, Nebraska 68106

(b) At arraignment and plea:    Same as above

(c) At trial:    Same as above

(d) At sentencing:    Same as above

(e) On appeal:    Same as above

(f) In any post-conviction proceeding:    James Martin Davis (deceased) 500 Farnam Plz. 1623 Farnam St. Omaha, Ne. 68102

(g) On appeal from any ruling against you in a post-conviction proceeding:    Gerald L. Soucie 35 Rosemont Parkway, Covington, GA. 30016

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☒ Yes    ~~☐ No~~    cs

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Lancaster County Court    ~~12-18 months~~

(b) Give the date the other sentence was imposed:    October 2024

(c) Give the length of the other sentence:    12-18 months

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I am asking for my petition to be equitable tolled because I am asserting actual "factual" innocence and that I never received a copy of my Direct Appeal (as could be proved by the State Penitentiary Legal Mail Logs) which was critically relevant to my ineffective assistance of counsel claim. I did receive the opinion affirming my conviction, but it

AO 241 (Rev. 09/17)

did not mention Mr. Addison's false representation's to the Court(s), and most importantly the firsttime I could confirm his knowledge and what I told him at trial was during his deposition during the timely postconviction proceedings. I was under the old law where there was no time limit to file postconviction. Although, my time for filing Habeas Corpus action tolled during the postconviction phase I was diligently pursuing my claims. I am Humbly asking that the Holland Test be applied in my case. In doing so it show that I have been diligently pursuing my claims and that my late filing was not of my own inaction, but of the prosecutorial misconduct and the misrepresentation's of Addison Jr. in in the original complaint, that had to be sorted out. **Gordon v England**, 354 F.App'x 975, 982 (6th Cir. 2009). Moreover, Addison's affirmative misrepresentation is the kind of attorney misconduct that justifies equitable tolling. The Sixth Circuit has held that attorney incompetence is a proper basis for allowing equitable tolling of an filing deadline. **Robertson v Simpson**, 624 F.3d 781, 784 (6th Cir. 2010); **Robinson v Easterling**, 424F.App'x 439, n.1 (6th Cir. 2011). Such action are well beyond "garden variety" negligence, such as missing a deadline **Robertson**, 624 F.3d at 784. Instead, they are the "result of wholly incompetent legal representation". **Gordon**, 354 F. App'x at 979. The 6th Circuit and others have found equitable tolling under similiar and even

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

less egregious facts. And if all else fails my actual innocence claim should be the shove that pushes all the claims forward for meritable review. All important facts will be explained in greater detail in the attached merit brief. Lastly, in consideration of equitable tolling based on trial counsel Addison Jr. misrepresent-ations of material facts when applied to the AEDPA 1-yr deadline. Please give alot of weight to the fact that I did not know that Addison was going to admit his lie until I took his deposition which to within the record.

19 B

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    First, equitable tolling, thereafter

Habeas Corpus relief. In the interest of justice.

or any other relief to which petitioner may be entitled.

Cordell C. Stewart #64225
pro se

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    12-30-25    (month, date, year).

Executed (signed) on    12-30-25    (date).

Damon P. Isla
December 30, 2025

GENERAL NOTARY - State of Nebraska
DAMON P. GRUBER
My Comm. Exp. October 30, 2027

Cordell C. Stewart

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# Affidavit of Cordell C. Stewart

My name is Cordell C. Stewart
I am actually innocent of the
charges that ive been convicted
of, as the record will reflect.
    I was arrested and charged
with 3rd degree Assault, Use of
a weapon, ex felon in possession of
a firearm.
    I retained Ernest Addison Jr.
to represent me then I was
released on bond pending trial.
    While out on bond Addison Jr.
notified me in person that I was
not allowed to attend any of
my pre-trial court proceedings
or hearings. I told Addison Jr.
that is a violation of my
constitutional rights, Addison Jr's
explanation was that the court
claimed it would be intimidating
to the witnesses for the State
who were testifying against me
at trial.
    I told Addison Jr. that I
have the right to attend all
hearings and a 6th Amend right
to compulsory process to cross
examine any witnesses providing
depositions against me and this
is a direct violations of my
constitutional rights.

I Know now which is clear from the record that Addison Jr. and the State court/prosecution did not want me inside the courtroom because they knew Thomas P. Mckenney my former defense counsel was prosecuting me. They also knew I would recognize Mekenney long before my trial begain. The State prosecutor Mckenney and Ernest Addison Jr. acted in collusion together with the courts and Omaha Police Dept. to maliciously prosecute and convict me wrongfully which is clearly supported by the record and all documents and depositions.

(Cynthia Huguley) My mother and I immediately noticed Thomas P. Mckenney prior to jury selection and I firmly requested that Addison Jr. files a timely motion to disqualify Mckenney based on that fact that it's a conflict of interest. Addison Jr. ignored my request and refused to file the motion. Addison Jr. lied to the court of appeals and Nebraska Supreme Court by misrepresenting the facts acting as if he had no knowledge of the conflict between Mckenney as myself.

Pg.3

Addison Jr. and the State
Court Knew of the conflict
because I was out on bond
for 3 years prior to jury
selection Addison Jr. tried to
get me to take a plea deal
because the State was
threatening to file Habitual
Criminal enhancement. The
first conviction the State used
to file Habitual Criminal clearly
shows that Thomas P. McKenney
was my defense attorney on
the record. I pled guilty
to possession of controled
substance a Class IV felony
in June of 1992 in Douglas
County Nebraska Doc. 130 No. 952
    I was ambushed at the
last minute prior to my
trial yet I still notified
Addison Jr. who acted as a
agent for the prosecution
rather than an agent to his
client.
    Addison Jr. lied to the
Appellant courts then in the
deposition 8 years later
admitted that I notified him
of the conflict of interest
between McKenney and I prior to trial.
    Addison Jr. is a officer
of the Court he violated court

Pg. 4

rules and procedure as well
as my 6th Amend once he
knew of the conflict and
did not notify the Court
of it.

Addison jr. was ineffective at trial and
direct appeal stage as well.
He knew that if he did not
timely object to the conflict
of interest as I ~~might~~ instructed
~~to~~ him that would fail to
preserve my issue.

Addison jr. then continued
to lie by claiming after
he admitted he had knowledge
of the conflict ~~that~~ he
and I "had a brief side bar
and he agreed to Waive it."

*That is a lie!* Addison Jr. cannot force
me to waive a clear constitutional
violation of my 6th Amend and
14 Amend which has caused
irrepairable harm. *I never agreed to waive anything.*
There is no where on the
record where I agreed to
waive this issue.

I never waived my right to
a conflict free fair trial.
This is a miscarriage of
justice.

While awaiting trial out on
bond I made Addison Jr. aware

Pg. 5

that several witnesses would be availiable to testify on my behalf at trial. Chrishawn Conway, Felicia Warner, and Robert Blackson all contacted Addison Jr. prior to trial.

Addison Jr. only deposed Conway. who came forward on her own with her attorney Terri Crawford.

Conway admitted to shooting Chiwanda Ammons after Ammons broke and entered the residence, made threats, initiated the altercation then brandished the firearm from his vehicle.

Addison Jr. refused to comply with my request to investigate, supeana, depose, and call Felicia Warner and Robert Blackson to support Conway's testimony.

Both witnesses came forward 8 years after trial on post conviction from 2 different cities outside of Douglas County to provide accurate truthful depositions on record which clearly supports my actual innocence. They provided key evidence that confirmed Conway's testimony that Conway shot Ammons in self defense and defense of others.

The State's witnesses who testified against me all lied and had incentive to lie because they all had pending

Pg. 6.

federal charges, a fact that the Court and Addison Jr. refused to expose to the jury. I requested that Addison Jr. raise these facts to jury on cross examination, he did nothing.

Chiwanda Ammons was given a reduced sentence, downward departure in exchange for his false testimony against me.

Addison Jr. refused to reveal to the jury upon request that Felicia Warner was the sole leaser of that residence at 33rd and Summitt. The State's witnesses were all trespassing illegally and were not allowed on the property. Warner and I provided a copy of the lease as proof of the truth at trial. Addison Jr. refused my request and allowed the prosecution to create a false narrative which was prejudicial. Had Addison Jr. investigated and called my witnesses to testify no reasonable jury would have convicted me.

Addison Jr. continiously assisted the State instead of his client failing to put the State's case to adversarial testing. Had Addison Jr. filed the motion to disqualify McKenney prior to trial and timely

Pg. 7

objected to the actual conflict of interest between Mckenney and I as well as the ~~pretu~~ prejudicial prosecutorial remarks made in closing arguments referencing to "drugs or money."

My issues would have been preserved for purpose of appeal and my conviction would have been reversed. Addison Jr. continued to lie and assist the court in hendering me from obtaining relief on appeal.

Addison Jr.'s so called "trial strategy" cannot violate my 6th and 14th Amend of the U.S. Constitution nor can Addison Jr. even claim to have a strategy for a issue that he claims he initially had no knowledge of or failed to investigate once I made him aware. Addison Jr. lied to the court.

Addison Jr. or the State cannot force me to waive my rights to a fair trial free of conflict of interest which is guaranteed to me by the Constitution of the U.S.

I have filed several complaints on Addison Jr. and Thomas P Mckenney since trial in 2006.

Pg. 8

The Nebraska Counsel for
Discipline did nothing.
   My trial was not fair from
the beginning, from the way
I was barred from hearings
pre-trial to the jury selection
and the conflict with the
prosecutor, my attorney was
ineffective at every stage.
   I'm a natural born and
raised United States Citizen I
deserve Equal Protection of
the law.
   Addison Jr. never provided
me with a copy of direct appeal
he filed, my trial was a farce.
   I pray that the United States
District Court hears my claim
of actual innocence which is
supported by Key eye witnesses
testimony as proof.
   My former defense counsel
Thomas P. McKenney was involved
on both sides assisting the State
in securing Habitual Criminal
Enhancement against me by
~~formally~~ using a conviction which
he formally persuaded me to
plead guilty to. 17 years later
McKenney used that conviction
(the State)

Pg. 9

to prosecute me as a Habitual
Criminal.
I request that the Court honor
the law by reversing this
unlawful conviction and release
me immediately.

Respectfully Submitted
Cordell C. Stewart
P.O. Box 22500
Lincoln, Ne 68542-2500

Cordell C. Stewart 12-30-25

Damon P. Isley
December 30, 2025

GENERAL NOTARY - State of Nebraska
DAMON P. GRUBER
My Comm. Exp. October 30, 2027

Inmate Name Cordell Stewart #64225
Inmate Number
Box 22500
Lincoln NE, 68542-0500
Notice: This correspondence was mailed from the
Nebraska State Penitentiary.
It's contents are uncensored.

quodient
CORRECTION
IMI
$002.40⁰
01/02/2026 ZIP 68508
043M32207200
US POSTAGE




Sealed Legal Mail

Habeas Corpus Petition
28 U.S.C. 2254

U.S. DISTRICT COURT
CLERK

JAN 5 2026

RECEIVED

United States District Court
Office of the Clerk
Roman L. Hruska U.S. Courthouse
111 South 18th Plaza Suite 1152
Omaha Ne. 68102

12-30-25