IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CORDELL STEWART,

                Petitioner,

      vs.

ROB JEFFREYS,

                Respondent.

**8:26CV3**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Cordell Stewart's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on January 5, 2026.  In his petition, Petitioner states he was convicted after a jury trial of three counts of assault in the second degree, use of a deadly weapon to commit a felony, and felon in possession of a firearm and was sentenced on May 26, 2006, by the District Court of Douglas County, Nebraska, to 30 to 40 years in prison. Filing No. 1 at 1–2.  Petitioner alleges the Nebraska Court of Appeals affirmed his convictions and sentences on direct appeal on May 9, 2007, and the Nebraska Supreme Court denied his request for further review on September 26, 2007. *Id*. at 2–3.

Petitioner filed a motion for postconviction relief on March 5, 2012, which the state district court denied on April 8, 2024. *Id*. at 3–4.  Petitioner appealed and alleges the Nebraska Court of Appeals affirmed, though he does not specify when. *Id*. at 9. The Court's research shows the Nebraska Court of Appeals affirmed the denial of postconviction relief on March 4, 2025, in an unpublished memorandum web opinion, and the Nebraska Supreme Court denied further review on August 5, 2025. *State v.*

*Stewart*, No. A-24-288, 2025 WL 686077 (Neb. Ct. App. Mar. 4, 2025), review denied (Aug. 5, 2025).

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution. Respondent should be mindful of, and if necessary respond to, Petitioner's arguments that equitable tolling and/or his actual innocence apply to excuse any procedural statute of limitations bar. Filing No. 1 at 17–19.

Petitioner has also filed a motion for appointment of counsel due to, *inter alia*, his inability to afford to retain his own counsel, the complexity of the case, the serious nature of the offenses for which he's been convicted, and appointed counsel's ability "to adequately and completely insure petitioner's right to due process of law in these proceedings." Filing No. 5. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

2

After careful review of the record, the Court finds there is no need for the appointment of counsel at this early stage in the proceedings as the only issue presently under consideration is the timeliness of Petitioner's habeas petition and Petitioner has demonstrated his ability to present his claims and requests for relief in appropriate, clearly written pleadings. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1.      By **May 22, 2026**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **May 22, 2026**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

> A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

> B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation

of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.  Petitioner may not submit other documents unless directed to do so by the Court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

4

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order.  *See* the following paragraph.  The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.    By **May 22, 2026**, Respondent must file all state court records that are relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer.  The answer must be accompanied by a separate brief, submitted at the time the answer is filed.  Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies,

a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

   F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **June 22, 2026**: check for Respondent's answer and separate brief.

4.    No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5.    Petitioner's motion requesting appointment of counsel, Filing No. 5, is denied without prejudice to reassertion.

Dated this 7th day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

7