IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORDELL STEWART,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>Respondent. | **8:26CV3**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's Motion for Leave to Supplement Motion for Records (the "Motion") filed on September 1, 2026. Filing No. 22. Petitioner seeks to supplement his previous Motions for Records, Filing No. 16; Filing No. 17, which the Court denied as moot on August 26, 2026, because "all the additional records Petitioner sought in his Motions for Records are now clearly contained within the record and available to the Court." Filing No. 21 at 1. Specifically, Petitioner now seeks to have Respondent provide exhibits 1, 5, and 6 from the bill of exceptions (Volume II) for Petitioner's postconviction proceedings, which Respondent omitted from his supplemental designation because Petitioner did not request those exhibits in his Motions for Records. Filing No. 22 at 1; *see also* Filing No. 20 at 1 n.1. Petitioner also seeks to clarify that his Motions for Records specifically included requests for Exhibit 23, Deposition of Felicia Warner taken on April 17, 2013; Exhibit 24, Deposition of Robert Blackson taken on November 18, 2014; Exhibit 25, Deposition of Cordell Stewart taken on September 20, 2018; and Exhibit 26, Deposition of Ernest Addison Jr. taken on April 27, 2023. Filing No. 22 at 1–2. For the reasons that follow, the Court will deny Petitioner's Motion.

As an initial matter, Petitioner's apparent request to clarify that his Motions for Records specifically seek Exhibits 23, 24, 25, and 26 listed above is denied as moot. Respondent provided each of those four exhibits in his supplemental designation in response to Petitioner's Motions for Records. *See* Filing No. 20-5. Petitioner's Motions for Records clearly sought those exhibits, which Respondent provided, so any clarification is unnecessary.

With respect to Exhibits 1, 5, and 6 from Petitioner's postconviction bill of exceptions, Petitioner requests these exhibits, but he does not identify what the exhibits are or why they are relevant to the question of whether Petitioner's habeas petition is barred by the statute of limitations. Thus, Petitioner's motion does not comply with the procedure for requesting additional documents set forth in the Court's progression order and may be denied on that basis alone. *See* Filing No. 9 at 4 (A motion requesting additional documents "must set forth the documents requested and the reasons the documents are relevant to the cognizable claims."). A review of the record further demonstrates that Petitioner has not shown that the additional records he requests are necessary or relevant to resolving whether his petition is barred by the statute of limitations.

The exhibit index in Volume I of the postconviction bill of exceptions identifies the exhibits at issue. Filing No. 20-4 at 2. First, Exhibit 1 is the verified amended motion for postconviction relief which is already contained in Respondent's original designation of state court records in support of summary judgment motion. See Filing No. 12-4 at 10–21. Thus, Petitioner's request for Exhibit 1 is denied as moot.

Exhibits 5 and 6 are identified as the Affidavit of Cordell Stewart and the Affidavit of Felicia Warner, respectively. Filing No. 20-4 at 2. While Respondent did not include Exhibits 5 and 6 in the supplemental designation, the bill of exceptions contains the following descriptions of the exhibits when they were offered by Petitioner's postconviction counsel, James Martin Davis:

> MR. DAVIS: Exhibit 5 and 6, Judge, are -- Exhibit 5 is a one-paragraph affidavit from my client, Cordell Stewart, indicating that prior to his trial that the prosecuting attorney, Tom McKenney, was his former defense counsel, and that he claimed it would be a conflict of interest and which would render his trial unfair. I'd offer Exhibit No. 5.
>
> . . . .
>
> MR. DAVIS: Exhibit No. 6 is an exhibit from Felicia Farr -- or Felicia Warner saying that she notified Ernie Addison that she was willing and available prior to trial to testify, but he didn't call her. I'd offer Exhibit No. 6.

*Id*. at 5–6. In response to the State's hearsay objections to the affidavits, postconviction counsel argued the following about the contents of the exhibits:

> MR. DAVIS: Well, with respect to Exhibit No. 6, that's Felicia Warner, Judge, there is a deposition already in evidence and this corroborates it. So, for what it's worth, I'd ask you to receive Exhibit No. 6.
>
> Exhibit No. 5 is nothing more than what's already in the verified motion, but, you know, it was done at a different time early on and I don't know when that was dated. The -- the important thing here is the date that -- that he made the complaint. So I'd ask you to receive them. She can cross-examine him when we do the deposition of Cordell Stewart down at the prison.

*Id*. at 7. Ultimately, the state district court did not receive Exhibits 5 and 6. *Id*. at 7–8.

Based on the record, the Court finds it unnecessary to require Respondent to provide Exhibits 5 and 6. The bill of exceptions clearly describes the contents of the exhibits and, by all appearances, the content of Exhibits 5 and 6 are duplicative of Petitioner's verified amended motion for postconviction relief and the depositions of

Petitioner and Felicia Warner, all of which are already contained within the record before this Court.

Accordingly, for the foregoing reasons,

IT IS ORDERED that:

1. Petitioner's Motion for Leave to Supplement Motion for Records, Filing No. 22, is denied.

2. Petitioner is reminded that he has until **October 26, 2026**, to file and serve his brief in opposition to Respondent's summary judgment motion. If Petitioner needs additional time to file his brief, he may request additional time through a written motion to the Court before expiration of the deadline.

Dated this 16th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge